IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

CHRISTOPHER D. NORRIS,

    Defendant.

Case No. 12-cr-40055-JPG-1

## MEMORANDUM AND ORDER

This matter comes before the Court on Christopher Norris' Motion for Reconsideration of the Court's May 19, 2023 Denial of Norris' Motion for Compassionate Release (Doc. 344).

Although not mentioned specifically in the Federal Rules of Criminal Procedures, motions for reconsideration in criminal cases are proper and, if filed within the appeal period, will defer the running of that period until the motion is resolved. *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010) (citing *United States v. Ibarra*, 502 U.S. 1, 6 (1991). Such a motion may be appropriate where the Court "has misapprehended the issues, where a significant change in the law has occurred, or where significant new facts have been discovered." *United States v. Redmond*, No. 3:14-cr-30109-NJR, 2020 WL 7342712, at *1 (S.D. Ill. Dec. 14, 2020)).

The Court will take each of Norris' arguments in turn. In Norris' Motion for Reconsideration, he states the Court did not look at Proposed Amendments to the Sentencing Guidelines and find that Norris has an "Unusually Long Sentence" which qualifies as an "extraordinary and compelling" reason justifying release. The Court, however, considered the Proposed Amendments to the Sentencing Guidelines and determined whether Norris had an "unusually long sentence." The applicable policy statement to the Proposed Amendments state that a defendant must have served at least 10 years of the sentence, and there must be an intervening

change in the law that has produced a gross disparity between sentenced served and sentenced imposed. United States Sentencing Commission, <u>Amendments to the Sentencing Guidelines</u>, USSG §1B1.13, p.s. (April 27, 2023), (effective date November 1, 2023), https://www.ussc.gov/guidelines/amendments/adopted-amendments-effective-november-1-2023 (internal citations omitted); (Doc. 343 at 8).

Norris does not point to an intervening change in the law. Norris states that he should not have been sentenced to 18 years because there are "changes in the law" that "state the original sentencing court should not have relied upon an inadequate factual basis for the drug quantity reported in the PSR and unsupported statements about Norris from people who stood to gain by blaming everything on him to support their lesser sentence." As stated previously, this argument is not based on an "intervening change in the law." Objecting to the factual basis of the PSR is an argument that is properly made in a direct appeal or § 2255 and not a motion for compassionate release. *Dillon v. United States*, 560 U.S. 817, 831, 130 S. Ct. 2683, 2693–94, 177 L. Ed. 2d 271 (2010); *United States v. Black*, 783 F. App'x 629, 630 (7th Cir. 2019) ("To the extent Black argues that he no longer qualifies as a career offender, a § 3582(c)(2) motion is not the proper vehicle to challenge a career-offender designation."). Prisoners cannot avoid the AEDPA's rules by inventive captioning. Any motion filed in the district court that imposed sentence, and substantively within the scope of § 2255, is a motion under § 2255, no matter what title the prisoner plasters on the cover." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011) (citations omitted).

While Norris points to four cases that show an "intervening change in the law." These cases are inapposite because they all review a defendant's sentence under direct appeal and not a motion for compassionate release. *United States v. Asbury*, 27 F.4th 576, 578 (7th Cir. 2022)(vacating and remanding based on a direct appeal); *United States v. Helding*, 948 F.3d 864, 866 (7th Cir. 2020)

(reverse and remanding based on direct appeal); *United States v. Gibbs*, 26 F.4th 760, 763 (7th Cir. 2022) (vacating and remanding for resentencing based on direct appeal); *Rosales-Mireles v. United States*, 201 L. Ed. 2d 376, 138 S. Ct. 1897, 1910 (2018)(vacating and remanding case to the Fifth Circuit Court of Appeals after a direct appeal from the district court). Additionally, none of the cases Norris relies on announce a new change in the law.

Because Norris has not shown that the Court misapprehended any of the issues in the Court's denial, has not pointed to a significant change in the law, and has not put forth any new facts that would have changed the Court's decision, the Court denies Norris' Motion for Reconsideration.

The Court hereby **DENIES** Norris' Motion for Reconsideration of the Court's May 19, 2023 Denial of Norris' Motion for Compassionate Release (Doc. 344).

**IT IS SO ORDERED.**
**Dated: June 20, 2023**

        **/s/ J. Phil Gilbert**
        **J. PHIL GILBERT**
        **DISTRICT JUDGE**